WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
RAYMOND E. PATRICCO, DISTRICT OF COLUMBIA STATE BAR NO. 454792
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-9375

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DONALD L. GILLISPIE<br><br>　　　　　Defendant. | Case No. 1:14-cr-00236-S-EJL<br><br>**MOTION TO VACATE TRIAL DATE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT** |

　　　　　The United States of America, by and through Wendy J. Olson, United States Attorney, and Raymond E. Patricco, Assistant United States Attorney, respectfully requests that the Court issue an order vacating the existing trial date – July 14, 2014 – because the defendant allegedly absconded to avoid prosecution and trial.  Further, the United States requests that the Court issue an order excluding all time under the Speedy Trial Act from May 19, 2015 – the date of the arraignment at which the defendant first failed to appear – hence.  Finally, if the defendant is taken into custody within the next three months, the United States respectfully requests that the Court exclude an additional 90 days, under the Speedy Trial Act, to serve the ends of justice.

MOTION TO VACATE AND EXCLUDE TIME - 1

I.     Factual Background

On November 13, 2014, the defendant and his co-defendant, Jennifer R. Ransom, were indicted on ten counts, including charges of Conspiracy to Commit Securities Fraud, Securities Fraud, Wire Fraud, Conspiracy to Commit Tax Fraud, Filing a False Tax Return, and Aiding and Assisting in the Filing of a False Tax Return. (Dkt. #1).

On November 14, 2014, the defendant was arrested pursuant to an arrest warrant and appeared before Chief Magistrate Judge Candy W. Dale for an initial appearance/arraignment. The Federal Public Defender was appointed to represent him. The defendant was released the same day, pursuant to an Order Setting Conditions of Release. The Order provided, among other conditions, that the defendant "must appear in court as required." The Order further advised the defendant that "[i]f, after release, you knowingly fail to appear as the conditions of release require. . . you may be prosecuted for failing to appear" and could face up to 10 years in prison for a violation. The defendant signed the Order acknowledging that he was aware of the conditions of release, promising "to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed," and acknowledging that "I am aware of the penalties and sanctions set forth above" for failure to appear. (Dkt. #14).

From November of 2014 through April of 2015, the defendant resided in Colorado Springs, Colorado and was supervised by the United States Probation Office located there.

On December 5, 2014, the defendant filed his first motion to continue the trial, requesting at least a six month continuance. (Dkt. #23). By order dated December 8, 2014, this Court continued the trial to July 14, 2015. (Dkt. #25).[1]

---

[1] By the United States' count, then, 21 days of the 70 days allotted by the Speedy Trial Act have elapsed; 59 days remain. By its Order, this Court excluded the period of time between the filing of the motion to continue on December 5, 2014 through the trial date of July 14, 2015. *Id.*

MOTION TO VACATE AND EXCLUDE TIME - 2

In April of 2015, undersigned counsel and defense counsel – Robert Schwarz and Teresa Hampton – began plea negotiations. As part of that dialogue, on or about April 15, 2015, undersigned counsel advised defense counsel that he intended to present a superseding indictment for the defendant to the grand jury on or about May 13, 2015. On or about April 20, 2015, the defendant traveled to Boise to meet with defense counsel.

On May 13, 2015, the grand jury returned a Superseding Indictment against the defendant for ten counts, including charges of Conspiracy to Commit Securities Fraud, Securities Fraud, Wire Fraud, Conspiracy to Commit Tax Fraud, Filing a False Tax Return, and Aiding and Assisting in the Filing of a False Tax Return. (Dkt. #30).

On May 14, 2015, Deputy Clerk Jill Palkoner issued a Notice of Arraignment on Superseding Indictment for May 19, 2015 at 10:15 a.m. at United States Courthouse, 550 West Fort Street, Sixth Floor, Courtroom 3, Boise, Idaho, before U.S. Magistrate Judge Larry M. Boyle and provided this notice to the U.S. Marshal, U.S. Probation, undersigned counsel, and defense counsel. (Dkt. #31).

On May 19, 2015, at approximately 10:15 a.m., Magistrate Judge Larry M. Boyle held an Arraignment Hearing for the defendant. Ms. Hampton appeared for the defendant. The defendant did not appear for this hearing. Judge Boyle delayed the hearing to allow the defendant time to arrive. Ms. Hampton advised Judge Boyle that she did not know the whereabouts and that Mr. Schwarz had checked on another floor of the courthouse. After approximately 45 minutes, at approximately 11:00 a.m., Judge Boyle continued the hearing to May 21, 2015 at 1:30 p.m. (Dkt. #32).

On May 21, 2015, Judge Boyle held a second Arraignment Hearing for the defendant. Mr. Schwarz and Mr. Hampton appeared for the defendant. The defendant did not appear at the

hearing. Judge Boyle stated that he knew the Federal Defenders and that they would have notified the defendant of the hearing. Neither Mr. Schwarz nor Ms. Hampton contradicted Judge Boyle's assertion. Upon request by undersigned counsel, Judge Boyle issued an arrest warrant for the defendant. As of the filing of this motion, the defendant remains at large.

II.     Argument

The above facts support an inference that the defendant has absconded to avoid prosecution and trial. Prior to defense counsel meeting with the defendant in Boise on April 20, 2015, undersigned counsel notified defense counsel that a superseding indictment was forthcoming in May. Defense counsel likely advised the defendant of this fact. Further, at arraignment, defense counsel did not refute that they notified the defendant of the dates and times of the arraignment hearings. Yet, the defendant twice failed to appear. Given the inference that the defendant absconded to avoid prosecution, and the nascent attempts to locate and arrest him, a trial on July 14, 2015 is highly unlikely to occur. Accordingly, this Court should issue an order vacating the July 14, 2015 trial date.

Further, this Court should issue an order excluding, under the Speedy Trial Act, all time from May 19, 2015 – the first scheduled arraignment at which the defendant did not appear – hence. *See* 18 U.S.C. § 3161(h)(3)(A) & (B) (delay "resulting from the absence or unavailability of the defendant" is excludable; a defendant is "considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution."). The Court should add this excludable time to the approximate 59 days remaining on the Speedy Trial clock.

Finally, should the defendant be taken into custody within the next three months, this Court should issue an order excluding an additional 90 days to serve the ends of justice. *See* 18 U.S.C. § 3161(h)(7)(A). If and when the Court grants the motion to vacate the July 14, 2015

MOTION TO VACATE AND EXCLUDE TIME - 4

trial date, the United States will notify its witnesses that they do not need to appear. However, should the defendant be arrested shortly thereafter, and the defendant request a trial as soon as possible, the United States would have only 59 days (plus the excluded time between the defendant's flight and arrest) to contact and re-subpoena witnesses to testify. Given that this small window would be during the heart of the summer, witnesses may be unavailable. This could result in a miscarriage of justice that the defendant caused by his decision to abscond. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Further, while government counsel is exercising due diligence in preparing for trial, the uncertainty of the defendant's appearance and trial date frustrates effective witness preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

## Conclusion

Accordingly, the United States requests that this Court vacate the July 14, 2015 trial date. Further, the United States requests that the Court issue an order excluding all time, under the Speedy Trial Act, from May 19, 2015 hence. Finally, should the defendant be arrested within the next three months, the United States requests that the Court issue an order excluding an additional 90 days to serve the ends of justice.

Respectfully submitted this  28th  day of May, 2015.

        WENDY J. OLSON
        UNITED STATES ATTORNEY
        By:

        RAYMOND E. PATRICCO
        Assistant United States Attorney

MOTION TO VACATE AND EXCLUDE TIME - 5

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on May 28, 2015, the foregoing Government's Motion to Vacate Trial Date and Exclude Time Under the Speedy Trial Act was electronically filed with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to the following persons:

Robert Schwarz
Federal Defender Services of Idaho
702 W. Idaho St., Suite 1000
Boise, Idaho 83702
robert_schwarz@fd.org

Teresa Hampton
Federal Defender Services of Idaho
702 W. Idaho St., Suite 1000
Boise, Idaho 83702
teresa_hampton@fd.org

                                        /s/ Raymond E. Patricco
                                        RAYMOND E. PATRICCO
                                        Assistant United States Attorney